IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK §<br>        *Plaintiff,* §<br> §<br> §<br> §<br>vs §<br> §<br> §<br>DIVERSIFIED CONSULTANTS, INC. §<br>        *Defendant.* §<br> §<br> §<br> §<br> § | Case No __4:14cv155__<br><br>Judge __Schell__<br><br><br>TRIAL BY JURY DEMANDED |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 19 2014
BY DAVID J. MALAND, CLERK
DEPUTY

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
ACT AND THE TELEPHONE CONSUMER PROTECTION ACT**

## JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C

   §1331.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin

   County, Texas.

4. The Defendant in this lawsuit is Diversified Consultants, Inc., (DCI), which is a debt

   collection company with offices at 10550 Deerwood Park Blvd., Suite 309, Jacksonville,

   Florida 32256,

## VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff

   resides in Collin County, Texas.

6.  Venue is proper in the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

7.  On or about July 5, 2013 DCI began calling Plaintiff's wireless phone number **901-246-7469** from phone numbers 901-881-7091, 901-881-2102, 901-881-9803, 205-383-1796, 901-300-3977, 901-881-8142, 205-553-6138, 901-300-3896, and 901-300-3946 which are numbers known to be used by DCI in their debt collection operations.

8.  DCI also called Plaintiff's wireless phone number **281-352-4434** on two different occasions from phone numbers 713-588-0951 and 713-588-0351 which are numbers known to be used by DCI in their debt collection operations.

9.  All calls made by DCI were made with automatic telephone dialing system (ATDS) capable equipment to Plaintiff's wireless phones.

10. DCI made **at least 24 individual calls** to Plaintiff's wireless phones beginning July 5, 2013 and continuing through December 5, 2013, using ATDS capable equipment.

11. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without the consent, express or otherwise, of the Plaintiff having been given at any time.

12. DCI called at times that were inconvenient and when Plaintiff answered the phone there was no live person on the line and no message was left.

13. The Plaintiff has never had any business relationship with DCI at any time and has never given DCI his express consent to call his wireless phone.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 et seq. BY DIVERSIFIED CONSULTANTS, INC.

14. Paragraphs 1 through 13 are re-alleged as though fully set forth herein.

15. Plaintiff brings this action pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692k(d) for the following:

16. On July 5, 2013 at 1:55 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-7091 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

17. On July 9, 2013 at 3:59 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-2102 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

18. On July 24, 2013 at 10:26 AM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-2102 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

19. On July 25, 2013 at 1:55 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-9803 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

20. On July 25, 2013 at 4:12 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-9803 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

21. On July 26, 2013 at 10:23 AM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-7091 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

22. On July 26, 2013 at 3:58 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-7091 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

23. On July 29, 2013 at 8:36 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-881-7091 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

24. On July 30, 2013 at 8:15 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 205-383-1796 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the

call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of

the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

25. On August 1, 2013 at 8:18 PM DCI called Plaintiff's wireless phone number **901-246-7469**

from 901-881-7091 using ATDS capable equipment without Plaintiff's prior express consent.

The caller failed to identify who was calling the Plaintiff or to identify the purpose of the

call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of

the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

26. On August 2, 2013 at 1:36 PM DCI called Plaintiff's wireless phone number **901-246-7469**

from 901-881-2102 using ATDS capable equipment without Plaintiff's prior express consent.

The caller failed to identify who was calling the Plaintiff or to identify the purpose of the

call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of

the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

27. On August 14, 2013 at 4:42 PM DCI called Plaintiff's wireless phone number **901-246-7469**

from 901-300-3977 using ATDS capable equipment without Plaintiff's prior express consent.

The caller failed to identify who was calling the Plaintiff or to identify the purpose of the

call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of

the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

28. On August 19, 2013 at 6:16 PM DCI called Plaintiff's wireless phone number **901-246-7469**

from 901-881-8142 using ATDS capable equipment without Plaintiff's prior express consent.

The caller failed to identify who was calling the Plaintiff or to identify the purpose of the

call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of

the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

29. On August 20, 2013 at 8:13 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 205-553-6138 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

30. On August 21, 2013 at 4:41 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3896 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

31. On August 27, 2013 at 3:16 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3896 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

32. On August 29, 2013 at 1:18 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3977 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

33. On September 19, 2013 at 3:25 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3977 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose

of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

34. On September 20, 2013 at 2:36 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3896 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

35. On September 27, 2013 at 10:09 AM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3946 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

36. On September 30, 2013 at 4:41 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3946 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

37. On October 30, 2013 at 7:59 PM DCI called Plaintiff's wireless phone number **901-246-7469** from 901-300-3896 using ATDS capable equipment without Plaintiff's prior express consent.

The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call.  Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

38.  On December 4, 2013 at 1:35 PM DCI called Plaintiff's wireless phone number **281-352-4434** from 713-588-0951 using ATDS capable equipment without Plaintiff's prior express consent.  The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call.  Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

39.  On December 5, 2013 at 6:09 PM DCI called Plaintiff's wireless phone number **281-352-4434** from 713-588-0959 using ATDS capable equipment without Plaintiff's prior express consent.  The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call.  Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

40.  Plaintiff made multiple attempts to contact DCI to reach a settlement of the violations alleged herein to mitigate damages and Defendant failed to respond to Plaintiff at all times.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d

27.  Plaintiff repeats and re-alleges each and every allegation stated above.

28.  Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a.  Adjudging that DCI violated the FDCPA.

b.   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount

of $1,000;

c.   Awarding Plaintiff any attorney's fees and costs incurred in this action;

d.   Awarding Plaintiff post-judgment interest as may be allowed under the law;

e.   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

29. Plaintiff repeats and re-alleges each and every allegation stated above.

30. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.   Adjudging that DCI violated the TCPA 47 U.S.C. § 227.

b.   Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of

$500 for the first call and $1500 for each call thereafter made to the Plaintiff's

wireless phones as knowing and/or willful violations;

c.   Awarding Plaintiff any fees and costs incurred in this action;

d.   Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e.   Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642