IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. MACK,                        §
                                      §
              Plaintiff,              §
                                      §         CIVIL ACTION NO.
vs.                                   §
                                      §         4-13-cv-155
DIVERSIFIED CONSULTANTS,              §
INC.,                                 §
                                      §
              Defendant.              §

<u>DEFENDANT'S ANSWER</u>

Diversified Consultants, Inc. ("Defendant") responds to the Plaintiff's Complaint as follows:

1.      Defendant admits that jurisdiction is proper in this Court as alleged in paragraph 1 of Plaintiff's complaint. Otherwise, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof thereof.

2.      Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits that Plaintiff is a natural person.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 3 of Plaintiff's complaint and accordingly denies same.

4.      Defendant admits the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 5 of Plaintiff's Complaint and accordingly denies same.

6.      Defendant admits that venue is proper in this Court as alleged in paragraph 6 of Plaintiff's complaint. Otherwise, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof thereof.

7.      Defendant admits that telephone calls were placed to Plaintiff and that it has used some of the numbers reflected in paragraph 7. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 7 of Plaintiff's Complaint and accordingly denies same.

8.      Defendant admits that telephone calls were placed to Plaintiff and that it has used some of the numbers reflected in paragraph 8. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 8 of Plaintiff's Complaint and accordingly denies same.

9.      Defendant denies the allegations in Paragraph No. 9 of Plaintiff's Complaint.

10.     Defendant denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 11 of Plaintiff's Complaint and accordingly denies same.

12.     Defendant denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 13 of Plaintiff's Complaint and accordingly denies same.

14.     Paragraph 14 is an incorporation paragraph.   As such, Defendant fully incorporates herein, as if set forth verbatim, its prior answers, responses, admissions and denials.

15.     Defendant admits that Plaintiff brought this action as alleged in paragraph 15 of Plaintiff's complaint. Otherwise, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof thereof.

16.     Defendant admits that a call was placed to Plaintiff on or about July 5, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits that a call was placed to Plaintiff on or about July 9, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits that a call was placed to Plaintiff on or about July 24, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits that a call was placed to Plaintiff on or about July 25, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits that a call was placed to Plaintiff on or about July 25, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits that a call was placed to Plaintiff on or about July 26, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant admits that a call was placed to Plaintiff on or about July 26, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant admits that a call was placed to Plaintiff on or about July 29, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits that a call was placed to Plaintiff on or about July 30, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits that a call was placed to Plaintiff on or about August 1, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant admits that a call was placed to Plaintiff on or about August 2, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant admits that a call was placed to Plaintiff on or about August 14, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant admits that a call was placed to Plaintiff on or about August 19, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant admits that a call was placed to Plaintiff on or about August 20, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant admits that a call was placed to Plaintiff on or about August 21, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant admits that a call was placed to Plaintiff on or about August 27, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant admits that a call was placed to Plaintiff on or about August 29, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits that a call was placed to Plaintiff on or about September 19, 2013.  Otherwise, Defendant denies the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant admits that a call was placed to Plaintiff on or about September 20, 2013.  Otherwise, Defendant denies the remaining allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant admits that a call was placed to Plaintiff on or about September 27, 2013.   Otherwise, Defendant denies the remaining allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant admits that a call was placed to Plaintiff on or about September 30, 2013.   Otherwise, Defendant denies the remaining allegations in Paragraph 36 of Plaintiff's Complaint..

37.     Defendant admits that a call was placed to Plaintiff on or about October 30, 2013. Otherwise, Defendant denies the remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant admits that a call was placed to Plaintiff on or about December 4, 2013.   Otherwise, Defendant denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant admits that a call was placed to Plaintiff on or about December 5, 2013.   Otherwise, Defendant denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 40 of Plaintiff's Complaint and accordingly denies same.

27 (41). Paragraph 27 is an incorporation paragraph.   As such, Defendant fully incorporates herein, as if set forth verbatim, its prior answers, responses, admissions and denials.

28 (42). Defendant denies the allegations in paragraph 28 (42) of Plaintiff's Complaint, including all subparts and his request for relief in the prayer set forth therein.

29 (43). Paragraph 29 is an incorporation paragraph.   As such, Defendant fully incorporates herein, as if set forth verbatim, its prior answers, responses, admissions and denials.

30 (44). Defendant denies the allegations in paragraph 30 (44) of Plaintiff's Complaint, including all subparts and his request for relief in the prayer set forth therein.

45.   To the extent that any of Plaintiff's claims may survive a motion to dismiss or motion for summary judgment, Defendant admits that Plaintiff may be entitled to a jury trial as requested in Plaintiff's Complaint.

46.   Any allegation of Plaintiff's Complaint not specifically admitted herein is denied.

<u>Affirmative Defenses</u>

## <u>FIRST AFFIRMATIVE DEFENSE</u>

47.   Defendant has, at all times relevant hereto, complied fully with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## <u>SECOND AFFIRMATIVE DEFENSE</u>

48.   Defendant affirmatively pleads that to the extent a jury or this Court may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. § 1692k(c).

## <u>THIRD AFFIRMATIVE DEFENSE</u>

49.   Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

50.   Defendant affirmatively pleads that to the extent a jury or this Court may find any violation of the Fair Debt Collection Practices Act, such alleged violations being expressly

denied by Defendant, any such alleged violations were not material and as such, Plaintiff cannot recover under the Act.

<u>Prayer</u>

Wherefore, the premises considered, Defendant prays that Plaintiff take nothing by his causes of action. Defendant prays for such other and further relief, at law or in equity, to which Defendant may be duly entitled.

Respectfully submitted,

/s/ Steven R. Dunn
Steven R. Dunn
Tx Bar No. 06252250
**Dunn Firm, P.C.**
8390 LBJ Freeway, Suite 540
Dallas, Texas 75243
(214) 692.5533 (telephone)
(214)  692.5534 (telecopier)

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 9, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

David E. Mack
7720 McCallum Blvd, #2099
Dallas, Texas 75252

/s/Steven R. Dunn
Steven R. Dunn