**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID MACK, § | | |
| Plaintiff § | | |
| § | CIVIL ACTION NO. | |
| vs. § | 4:14-cv-00155-RAS-DDB | |
| § | | |
| DIVERSIFIED CONSULTANTS, INC., § | Jury Trial Demanded | |
| Defendant § | | |

## FIRST AMENDED COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the similar state law, Tex. Bus. & Com. Code § 305.053.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 47 U.S.C. § 227(b)(3), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, David Mack ("Plaintiff"), is a natural person residing in the State of Texas, County of Collin, and City of Dallas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Diversified Consultants, Inc. ("Defendant"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant called Plaintiff's cellular phone number, 901-246-7469, on the following dates and times:

1) July 5, 2013 at 1:55 PM;
2) July 9, 2013 at 3:59 PM;
3) July 24, 2013 at 10:26 AM;
4) July 25, 2013 at 1:55 PM;
5) July 25, 2013 at 4:12 PM;
6) July 26, 2013 at 10:23 AM;
7) July 26, 2013 at 3:58 PM;
8) July 29, 2013 at 8:36 PM;
9) July 30, 2013 at 8:15 PM;
10) August 1, 2013 at 8:18 PM;
11) August 2, 2013 at 1:36 PM;
12) August 14, 2013 at 4:42 PM;
13) August 19, 2013 at 6:16 PM;
14) August 20, 2013 at 8:13 PM;
15) August 21, 2013 at 4:41 PM;
16) August 27, 2013 at 3:16 PM;

      17) August 29, 2013 at 1:18 PM;
      18) September 19, 2013 at 3:25 PM;
      19) September 20, 2013 at 2:36 PM;
      20) September 27, 2013 at 10:09 AM;
      21) September 30, 2013 at 4:41 PM; and
      22) October 30, 2013 at 7:59 PM.

12. In connection with the collection of the Debt, Defendant called Plaintiff's cellular phone number, 281-352-4434, on the following dates and times:

      1) December 4, 2013 at 1:35 PM; and
      2) December 5, 2013 at 6:09 PM.

13. Plaintiff filed his original complaint on March 19, 2014. Doc. 1.

14. The original complaint was served upon Defendant on March 22, 2014. *See* USPS Tracking, attached as Exhibit A.

15. In connection with the collection of the Debt, Defendant called Plaintiff's cellular phone number, 404-580-4962, on the following dates and times:

      1) April 8, 2014 at 7:29 AM;
      2) April 9, 2014 at 4:07 PM;
      3) April 10, 2014 at 7:10 AM;
      4) April 10, 2014 at 7:33 AM;
      5) April 11, 2014 at 7:08 AM;
      6) April 11, 2014 at 9:54 AM;
      7) April 11, 2014 at 1:34 PM;
      8) April 12, 2014 at 8:54 AM;
      9) April 12, 2014 at 1:07 PM;
      10) April 14, 2014 at 2:27 PM;
      11) April 14, 2014 at 6:07 PM;
      12) April 15, 2014 at 8:01 AM;
      13) April 15, 2014 at 12:43 PM;
      14) April 15, 2014 at 3:42 PM;
      15) April 15, 2014 at 5:24 PM;
      16) April 16, 2014 at 7:50 AM;
      17) April 18, 2014 at 7:38 AM;
      18) April 18, 2014 at 6:24 PM;
      19) April 21, 2014 at 9:03 AM;
      20) April 22, 2014 at 8:16 AM;
      21) April 24, 2014 at 12:15 PM;
      22) April 24, 2014 at 5:40 PM;

23) April 25, 2014 at 7:23 AM;
24) April 26, 2014 at 9:24 AM;
25) April 28, 2014 at 12:46 PM;
26) April 29, 2014 at 9:01 AM;
27) April 29, 2014 at 3:42 PM;
28) April 30, 2014 at 7:02 AM;
29) May 1, 2014 at 3:06 PM;
30) May 2, 2014 at 7:33 AM;
31) May 5, 2014 at 12:27 PM;
32) May 6, 2014 at 7:26 AM;
33) May 8, 2014 at 8:32 AM;
34) May 9, 2014 at 7:33 AM;
35) May 9, 2014 at 4:35 PM;
36) May 12, 2014 at 2:23 PM;
37) May 12, 2014 at 7:05 PM;
38) May 14, 2014 at 8:40 AM;
39) May 15, 2014 at 8:59 AM;
40) May 16, 2014 at 7:36 AM;
41) May 16,2 014 at 6:16 PM;
42) May 17, 2014 at 11:27 AM; and
43) May 23, 2014 at 12:54 PM.

16. On the several occasions when Plaintiff would answer Defendant's calls, Defendant failed to disclose that the communication as from a debt collector.

17. Further, on the several occasions when Plaintiff would answer Defendant's calls, Defendant would not say anything and there would be only dead air.

18. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone numbers using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

19. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

20. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone numbers.

21. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

22. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

23. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

24. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

25. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone numbers.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

a) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(6)

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

f) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

g) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

h) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

i) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

j) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

j) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

k) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff repeats and re-alleges each and every factual allegation above.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VI
## TEX. BUS. & COM. CODE § 305.053

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227;

b) Enjoining Defendant from continuing its violative behavior, pursuant to Tex. Bus. & Com. Code § 305.053(a)(1);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to Tex. Bus. & Com. Code § 305.053(b);

d) Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code § 305.053(b);

e) Awarding Plaintiff treble damages, pursuant to Tex. Bus. & Com. Code § 305.053(c);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 26, 2014

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
Telephone: (888) 595-9111 ext. 338
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

       Telephone: (888) 595-9111 ext. 225
       Facsimile: (866) 317-2674
       jpanvini@consumerlawinfo.com

       Attorneys for Plaintiff David Mack