IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:14-CV-155-RAS-DDB |
| § | |
| DIVERSIFIED CONSULTANTS, § | |
| INC., § | |
| § | |
| Defendant. § | |

### DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Diversified Consultants, Inc. ("DCI"), through counsel and under the Federal Rules of Civil Procedure submits this Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, David Mack ("plaintiff"), and states:

### NATURE OF ACTION

1.  DCI admits plaintiff purports to bring this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*, and the Texas Business and Commerce Code § 305.053, but denies any violations, liability or wrongdoing under the law. Except as specifically admitted, DCI denies the allegations in ¶ 1.

### JURISDICTION AND VENUE

2.  Upon information and belief, DCI admits this Court has jurisdiction. Except as specifically admitted, DCI denies the allegations in ¶ 2.

3. Upon information and belief, DCI admits venue is proper. Except as specifically admitted, DCI denies the allegations in ¶ 3.

## PARTIES

4. Upon information and belief, DCI admits the allegations in ¶ 4.

5. DCI denies the allegations in ¶ 5 as calling for a legal conclusion.

6. DCI admits part of its business is the collection of debts. Except as specifically admitted, DCI denies the allegations in ¶ 6 as calling for a legal conclusion.

7. DCI denies the allegations in ¶ 7 as calling for a legal conclusion.

## FACTUAL ALLEGATIONS

8. DCI denies the allegations in ¶ 8.

9. DCI denies the allegations in ¶ 9 as calling for a legal conclusion.

10. DCI admits part of its business is the collection of debts and it uses the mail to do so. Except as specifically admitted, DCI denies the allegations in ¶ 10 as calling for a legal conclusion.

11. DCI denies the allegations in ¶ 11.

12. DCI denies the allegations in ¶ 12.

13. Upon information and belief, DCI admits the allegations in ¶ 13.

14. DCI admits it was served with a copy of plaintiff's Complaint on or around March 22, 2014. Except as specifically admitted, DCI denies the allegations in ¶14.

15. DCI denies the allegations in ¶ 15.

16. DCI denies the allegations in ¶ 16.

17. DCI denies the allegations in ¶ 17.

18.    DCI denies the allegations in ¶ 18.

19.    DCI denies the allegations in ¶ 19 as calling for a legal conclusion.

20.    DCI denies the allegations in ¶ 20.

21.    DCI denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22.    DCI denies the allegations in ¶ 22.

23.    DCI denies the allegations in ¶ 23.

24.    DCI denies the allegations in ¶ 24.

25.    DCI admits it keeps records of calls it makes.  Except as specifically admitted, DCI denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

25.    (sic) DCI reasserts the foregoing as if fully set forth herein.

26.    DCI denies the allegations in ¶ 26.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

27.    DCI reasserts the foregoing as if fully set forth herein.

28.    DCI denies the allegations in ¶ 28.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(6)

29.    DCI reasserts the foregoing as if fully set forth herein.

30.    DCI denies the allegations in ¶ 30.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

31. DCI reasserts the foregoing as if fully set forth herein.

32. DCI denies the allegations in ¶ 32.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

33. DCI reasserts the foregoing as if fully set forth herein

34. DCI denies the allegations in ¶ 34.

## COUNT VI
## VIOLATION OF TEX. BUS. & COM. CODE § 305.053

35. DCI reasserts the foregoing as if fully set forth herein.

36. DCI denies the allegations in ¶ 36.

37. DCI admits plaintiff purports to seek a trial by jury, but denies any violations, liability or wrongdoing under the law. Except as specifically admitted, DCI denies the allegations in ¶ 37.

## DCI'S AFFIRMATIVE DEFENSES

1. To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. DCI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of DCI's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, wavier and/or unclean hands.

4. One or more claims asserted by plaintiff are barred in whole or in part by the doctrine of preemption.

5. Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than DCI and were beyond the control or supervision of DCI or for whom DCI was and is not responsible or liable.

7. Plaintiff has failed to state a claim against DCI upon which relief may be granted.

8. One or more of the telephone calls made to plaintiff were not made to a wireless, *i.e.*, cellular, telephone.

9. Plaintiff consented and authorized calls to the phone number in question.

10. The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

11. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

12. To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

13. To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

14. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Diversified Consultants, Inc., requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

                                    Respectfully submitted,

                                    /s/ Whitney L. White
                                    Whitney L. White, Esq.
                                    Sessions, Fishman, Nathan & Israel, L.L.C.
                                    900 Jackson Street, Suite 440
                                    Dallas, TX  75202-4473
                                    Telephone: (214) 741-3017
                                    Facsimile: (214) 741-3055

                                    **Attorney for Defendant,**
                                    **Diversified Consultants, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2014, a copy of the foregoing **Defendant, Diversified Consultants, Inc.'s, Answer and Affirmative Defenses to Plaintiff's First Amended Complaint** was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Texas and served via CM/ECF upon the following:

    Joseph M. Panvini
    Russell Thompson, IV
    Thompson Consumer Law Group, PLLC
    5235 East Southern Avenue D106-618
    Mesa, AZ 85206
    Telephone: (602) 388-8875
    Facsimile: (866) 317-2674
    rthompson@consumerlawinfo.com
    jpanvini@consumerlawinfo.com

                                          /s/ Whitney L. White
                                          Whitney L. White